## WOODWARD et ux. v. COMMERCE FARM CREDIT CO. et al.

### No. 2609.

Court of Civil Appeals of Texas. Amarillo. March 3, 1926.

Rehearing Denied Sept. 16, 1931.

W. T. Link and Cole & Simpson, all of Clarendon, for appellants.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

JACKSON, J.

This suit was instituted in the district court of Carson county, Tex., by the plaintiffs, Thomas W. Woodward and wife, Mary L. Woodward, against the defendants, the Commerce Farm Credit Company, the Commerce Trust Company, and the California State Life Insurance Company, all of which are corporations.

Plaintiffs allege:

That on June 1, 1921, they executed and delivered to the Commerce Farm Credit Company their promissory note for the principal sum of $9,600, payable at the office of the Commerce Trust Company at Kansas City, Mo., November 1, 1930, which note provided for interest according to attached interest coupon notes. That on the same day plaintiffs executed and delivered to the Commerce Farm Credit Company said interest coupon notes payable at the same place, covering the interest to accrue upon the principal note at the rate of 6½ per cent. per annum from the date of the principal note until its maturity. That one of said coupon interest notes was for $260, evidencing the interest that would accrue on the principal note from June 1, 1921, to November 1, 1921, and that the nine additional coupon interest notes were each for the sum of $624, and evidenced the interest payable November 1st each year after November 1, 1921, on the principal note to and including the year 1930. That on the same day they executed and delivered to the Commerce Farm Credit Company their four promissory notes each in the sum of $600, payable at the same place on November 1, 1921, 1922, 1923, and 1924, respectively. That all the above-described notes provided for the payment of interest after maturity at the rate of 10 per cent. per annum, and for 10 per cent. additional upon principal and interest as attorney's fees.

That on June 1, 1921, the plaintiffs executed and delivered to the Commerce Farm Credit Company their deed of trust creating a first lien upon the land therein described to secure the payment of said principal note and the coupon interest notes attached thereto evidencing the amount of interest to accrue at the rate of 6½ per cent. per annum. That on the same date they executed and delivered a deed of trust on the same land to the same parties, creating a second lien to secure the payment of the four notes for the sum of $600 each, evidencing the additional interest to be paid. That the deeds of trust provided that plaintiffs would pay all taxes before delinquency, and all assessments against the property therein described, as well as all taxes that might be assessed against said notes while held by nonresidents of this state, and all taxes that might be imposed within the state of Texas upon the deeds of trust, and further provided that, in the event the court having final jurisdiction should determine that the rate of interest and assessments as provided should exceed 10 per cent. per annum, then such excess would be paid by the Commerce Farm Credit Company. That on their due date, November 1, 1921, plaintiffs paid the note for $260 and the one for $600. That they also paid when due the note for $600 and the one for $624 due November 1, 1922. That they are advised that the California State Life Insurance Company became the owner of a portion of the notes, and the deed of trust securing their payment, and that the deeds of trust had been duly recorded charging all parties with notice of their contents and provisions, and that the Commerce Farm Credit Company and the Commerce Trust Company are partners, and each is agent for the other, and they acted together in making the loan to plaintiffs.

That about August 1, 1923, plaintiffs, realizing that they would be unable to pay the

two interest notes aggregating $1,224, due November 1, 1923, interviewed B. O. Taylor, the agent of the defendants, and sought to make an agreement whereby the due date of said two interest notes could be extended, and were advised by him that, unless plaintiffs gave additional security, no extension would be granted, and the defendants would exact the payment of their money. That about December 1, 1923, plaintiffs and the Empire Mortgage Company of Wichita Falls, Tex., acting in behalf of plaintiffs, paid to the defendants at Kansas City, Mo., the principal note of $9,600, the two interest notes due November 1, 1923, aggregating $1,224.00, 30 days' advance interest, $104, and the interest note for $600 due November 1, 1924, interest on delinquent items, $8.16, a total of $11,536.16, which, added to the $2,084 paid by plaintiffs to defendants on November 1, 1921, and November 1, 1922, make a total of $13,620.16, all of which the defendants demanded, received, and accepted. The plaintiffs paid said sums of money under the threats of the defendants to declare all of said notes, including principal, interest, and attorney's fees, due, and foreclose the deeds of trust upon the land therein described.

That the sum of $9,600 was all the money received by plaintiffs from said defendants or any of them by virtue of any of the contracts mentioned, and that for the use of the principal sum of $9,600 from June 1, 1921, to December 1, 1923, plaintiffs paid the sum of $4,020.16 as interest, which was approximately a rate of 16 per cent. per annum, and greatly exceeded 10 per cent. per annum, the highest contract rate allowed under the statutes of Texas, and, in demanding and receiving said rate of interest, the defendants violated the usury laws of this state, and became bound and liable to plaintiffs in double the amount of the usurious interest received and collected, which is the sum of $8,040.32, for which they sue.

The defendants answered by general demurrer and special exceptions, to the effect that the allegations in plaintiffs' petition failed to show a violation by them or any of them of the usury laws of this state, and therefore alleged no cause of action.

It is unnecessary to set out the pleadings of the defendants involving issues of fact, as the court sustained the general demurrer and special exceptions leveled at plaintiffs' petition, and dismissed the case, holding that no cause of action was stated.

The plaintiffs excepted to the judgment of the court dismissing the case, and by proper appeal, as appellants, challenge the action of the court in sustaining said general demurrer and special exceptions. J. E. Shropshire et ux. v. Commerce Farm Credit Co. et al., 280 S. W. 181, recently decided by Section A of the Commission of Appeals, not yet reported [in state report], is conclusive that appellants' petition was sufficient to state a cause of action, and the court erred in sustaining the demurrer and exceptions and dismissing the case.

The judgment is reversed, and the cause remanded.