### RHOADS et al. v. BONNER et al.

### No. 2779.

Court of Civil Appeals of Texas. Amarillo.

March 30, 1932.

Rehearing Denied April 27, 1932.

Vickers & Campbell and Walter F. Schenck, all of Lubbock, for appellants.

Bledsoe, Crenshaw & Dupree, of Lubbock, and Ben H. Read, of Dallas, for appellees.

JACKSON, J.

The plaintiffs, M. Rhoads and wife, Matilda Rhoads, instituted this suit in the district court of Lubbock county, Tex., against the defendants Medona Bonner and A. C. Ruby, operating as a copartnership under the name of Bonner Loan & Investment Company, to recover $4,277, double the amount of usurious interest alleged to have been paid by the plaintiffs to the defendants.

The plaintiffs alleged that on January 14, 1922, they borrowed from the defendants $5,000, and executed their note therefor due and payable January 1, 1928, together with six interest coupons attached thereto; the first coupon for the sum of $385.55, payable January 1, 1923, and the other five coupons, each for the sum of $400, were payable January 1, 1924, 1925, 1926, 1927, and 1928, respectively. That said coupons represented 8 per cent. interest on the principal note of $5,000, which note and coupons stipulated for interest at the rate of 10 per cent. after maturity. That on the same day they executed to the defendants an installment note for the sum of $596.40, payable in six annual installments; $96.40 on the 1st of January, 1923, and $100 payable on January 1st of each year thereafter until said installments were satisfied. That said installment note provided for interest at the rate of 10 per cent. per annum from the maturity of each installment, and represented a part of the interest contracted to be paid by the plaintiffs to the defendants on the principal note of $5,000.

That they executed a deed of trust on certain land, sufficiently described, creating a first lien thereon, to secure the payment of the principal note of $5,000 and the coupons attached thereto; that at the same time they executed a second deed of trust on the same land to secure the payment of the installment note as the payments thereon matured. They gave the volume and page where said second deed of trust was recorded, referred thereto, and set up a provision therein stipulating that said installment note represented a part of the agreed interest on the loan of $5,000 made on the same day, and that said installment note should not be subject to any deduction whatever on account of payment before maturity of the note or notes executed for the amount of the loan. That the first deed of trust securing the $5,000 note and interest coupons should have contained a similar provision, but that intentionally or unintentionally the defendants, who prepared all the papers pertaining to the loan, omitted said clause, either through mistake or fraud. That in the transaction the defendants advanced to plaintiffs the sum of $5,000 and no more. That the notes and deeds of trust gave plaintiffs the option of paying the principal indebtedness on January 1, 1925, or on any subsequent interest paying date, but that such option should not cancel any part of the installment note which evidenced a part of the interest on the $5,000, but provided that said installment note should be paid in full if such option was exercised by the plaintiffs.

That on June 1, 1923, the plaintiffs made the defendants two payments; one for $160, and one for $401.15. That on October 16, 1923, they paid $80; on January 3, 1924, $500; and on February 1, 1925, $5,995.75; all of which payments were on the principal loan of $5,000 and for interest thereon from January 14, 1922, to February 1, 1925, the day on which said notes were paid. That to pay off and discharge said loan the plaintiffs paid the defendants the sum of $7,138.50; $2,138.50 of which amount was paid and collected as interest. That the sum so paid as interest was illegal and usurious and was not paid voluntarily, but under protest. That the defendants demanded the payment thereof from the plaintiffs and threatened to foreclose their liens on plaintiffs' land securing the indebtedness evidenced by the notes unless the plaintiffs made such payment, and that by reason thereof the defendants are liable to plaintiffs for double the amount of the interest so paid, which is the sum of $4,277.

The defendant A. C. Ruby answered by general demurrer, special exceptions, and general denial. He specially denied receiving $80 and $401.15 in the year 1923, but averred that on January 9, 1923, the plaintiffs paid $321.15, and on October 16th of the same year they paid $80. That the $160 was paid December 17, 1921, and covered past-due interest on a note not involved in this controversy, and that said sum and the $321.15 paid June 1, 1923, were both barred by the two years' statute of limitation. That he entered into no contract with the plaintiffs except that evidenced by the written instruments set out in plaintiff's petition, and that such instruments constituted the entire contract between him and the plaintiffs and which evidenced the real understanding between them, and, upon the terms thereof, the plaintiffs were advanced the sum of $5,000, and they are now estopped to claim any other or different agreement. He alleged that plaintiffs, under the contract, had no right to take up the loan at any time except the annual interest paying dates, and specially denied their

right to pay off said loan on February 19, 1925, the day the loan was paid to the defendant by R. A. Thorne. That the plaintiffs never paid to the defendants the sum of $5,993.75, but that said sum was paid by R. A. Thorne in consideration of the indorsement and transfer of the notes and liens to him by the defendant. He denied that the plaintiffs had been charged usurious interest or interest in a sum in excess of 10 per cent., and that, if any such payment of interest had been made, it was voluntarily done with full knowledge of the facts and in satisfaction and settlement of said loan.

The defendant Medona Bonner denied partnership under oath, and stated he was merely acting as one of the attorneys for the Bonner Loan & Investment Company and had no other interest in the suit.

The case was tried before the court without the intervention of a jury, and judgment entered that plaintiffs take nothing by their suit, from which judgment they prosecute this appeal.

The appellants urge as error the action of the trial court in rendering judgment against them, because the instruments evidencing the loan showed on their face that the contract was usurious, and the testimony discloses that for a period of three years and one month they paid as interest $2,138.50 on a loan in the principal sum of $5,000.

The record discloses that the deeds of trust securing the original note and coupons and the installment note each provided, in effect, that, in the event default was made in the punctual payment of the indebtedness or any part thereof, principal or interest, as it became due, the notes secured thereby should, at the option of the legal owner and holder thereof, at once become due and payable, etc., and that the trustee was authorized and empowered, after default, to sell the property covered by the deed of trust, after notice, and apply the proceeds of the sale to the payment of the expenses thereof, 5 per cent. commission to the trustee, and to the payment of the full amount due on said notes, including principal, interest, and attorney's fees, and the balance, if any, to the plaintiffs or their legal representatives. The second lien provided that it was subject to the first lien, and that the installment note secured thereby represented a part of the agreed interest on the loan for $5,000, and that such installment note should not be subject to any deduction whatever on account of payment before maturity of the note evidencing the amount of the loan. That the note for the sum of $5,000 was executed January 14, 1922, with the interest coupons attached thereto as alleged, provided that the note and coupons should bear interest after maturity at the rate of 10 per cent. per annum, and stipulated that "the failure to pay this note or any of said coupons when due, or to comply with any of

the agreements or conditions set forth in the deed of trust securing the same, shall at the option of the holder or holders hereof mature this note and also all other notes, if any, this day given by the undersigned to said Bonner Loan & Investment Company and same may be collected forthwith by sale under said deed of trust or otherwise as such holder or holders may elect." In the margin, this language appears on the $5,000 note: "With option to pay on Jan. 1, 1925, or any subsequent interest paying date, but this option shall not cancel any part of any installment note of even date herewith executed by me which will be paid in full at the date this option is exercised." The installment note for the sum of $596.40 is of even date with the principal note, and, among other things, provides: "If any of said installments shall not be paid when due then all sums herein agreed to be paid shall become due and payable at the option of the holder hereof without notice and bear interest at the rate of ten per cent per annum from maturity until paid. * * * This note represents a part of the agreed interest on a loan of $5,000.00 granted to the undersigned by the said Bonner Loan & Investment Company and is secured by second deed of trust. * * * But this note shall not be subject to any deduction whatever on account of payment before maturity of the note or notes executed for the amount of said loan." That the written instruments pertaining to the loan were all dated January 14, 1922, and that the loan was due and payable January 1, 1928. That about January 1, 1923, the plaintiffs paid $321.50 and $96.40, and on October 16, 1923, they paid $80. That on January 3, 1924, they paid $500, and that on February 14, 1925, the Thorne Investment Company, to whom the loan was transferred, paid the sum of $5,993.75.

Under the record, the items of $96.40 and $321.50 were barred by the two years' statute of limitation.

The record discloses that the appellants began negotiations with the Thorne Investment Company some time in December, 1924, for the purpose of securing money with which to take up and extend the loan theretofore made by the Bonner Loan & Investment Company. That appellants were in default in the payment of the coupons and installments on the installment note, were advised by the Bonner Loan & Investment Company that they were delinquent for the amounts due January 1, 1923, and again of their default in the payment of the amounts due on January 1, 1924, and that on January 14, 1925, the appellees wrote the appellants that appellants were in default, that no further time could be extended, and, unless the sums due were remitted, the matter would be placed in the hands of an attorney for collection.

The instruments which evidence this indebtedness and the transaction provide that,

if default is made in the payment of principal or interest as the same matures, the holder of the evidences of such indebtedness may mature the entire debt and collect the amount of the interest evidenced by the coupons and the installment note.

In Shropshire v. Commerce Farm Credit Company (Tex. Sup.) 30 S.W.(2d) 282, 285, Judge Greenwood says:

"A clear statement of the law which governs our decision is made in 27 Ruling Case Law, at § 24, on pages 223 and 224, in these words:

" 'To construe usury, it is of course essential that an excess of the legal maximum be exacted in consideration of the loan or forbearance. By this is meant an excess of the maximum prescribed by statute. Though there is authority to the contrary, it does not seem requisite that an excess be payable in any event. On the contrary a contract is usurious when there is any contingency by which the lender may get more than the lawful rate of interest, whether it is so apparent that it becomes the duty of the court to so declare, or whether it is a case in which it is necessary that the jury should find the facts. Usury, it is considered, does not depend on the question whether the lender actually gets more than the legal rate of interest or not; but on whether there was a purpose in his mind to make more than legal interest for the use of money, and whether, by the terms of the transaction, and the means used to effect the loan, he may by its enforcement be enabled to get more than the legal rate.' "

■ There is no issue of fact as to whether the contract was usurious to be passed upon by the court. Deming Inv. Co. v. Giddens (Tex. Sup.) 30 S.W.(2d) 287.

In Shropshire v. Commerce Farm Credit Company (Tex. Sup.) 39 S.W.(2d) 11, 13, the same distinguished jurist uses this language: "Our conclusion is that the words of this contract are so clear that the parties must have understood them as meaning that, upon the debtor's default to pay a second lien installment note, the debtor was to become liable, at the creditor's option, for the payment of the principal of this loan, with compensation for detention thereof at a rate far in excess of 10 per cent. per annum. Abatement of unearned interest embodied in the second lien notes is not only not sanctioned, but, is forbidden by the terms of the contract."

In Deming Inv. Co. v. Giddens, supra, Judge Greenwood says: "A written contract stipulating for a rate of interest so greatly exceeding 10 per cent. per annum is denounced as void for the amount or value of the interest by the Texas Constitution and statutes."

The appellees contend that appellants' pleading was insufficient to authorize the trial court or this court to consider the default and accelerating clauses in the instruments.

■ The rule in this state is that a demurrer to a pleading, though filed, not called to the attention of the trial court, and acted on, is waived. So far as the record discloses, appellees' demurrers and exceptions were not acted upon by the court, and were therefore waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533; Sigel v. Buccaneer Hotel Co. et al. (Tex. Civ. App.) 40 S.W.(2d) 168, writ refused; Martin v. Farmers' National Bank of Hillsboro (Tex. Civ. App.) 294 S. W. 240.

It will be noted that appellants' pleading discloses the date of the notes, the maturity thereof, and the date when the final payment was made; that the payment was made under protest and upon the demand and under the threat of appellees to foreclose their liens securing the indebtedness evidenced by the notes unless the appellants made payment thereof. Appellees, as alleged by appellants, would not have been authorized to demand payment of the entire indebtedness and foreclose their liens thereon unless the instruments had contained default and accelerating clauses. The appellees themselves pleaded that they were bound by the terms and provisions of the instruments evidencing the loan.

In Southern Casualty Co. v. Morgan, supra, the Commission of Appeals says: "General demurrer was pleaded, but it was not presented and given disposition. Hence, it was waived. Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755, and cases therein cited. The question (of insufficiency of the petition) is raised after verdict and judgment, and, so, at a time when all that is possible must be presumed in aid of the pleading (see Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051) and at a time when the answer may help the petition (see Pope v. K. C., M. & O. Ry. Co., 109 Tex. 311, 322, 207 S. W. 514)."

Appellees also contend that, under the provisions of the instruments evidencing the loan, they were entitled to charge the unearned interest evidenced by the coupons and installment note as a privilege of prepayment, and that the excessive interest so charged was paid as a bonus for the privilege of paying the note before its maturity. To sustain this contention they cite Vela et al., v. Shacklett et al. (Tex. Com. App.) 12 S.W. (2d) 1007, 1008. It will be noted, however, that Judge Leddy, in rendering that opinion, says: "The lender in this case had no right to require the payment of three months' advance interest. This was purely optional with the borrower. There being no right to demand payment, there was no forbearance, and, without forbearance, no usury. [Citing authorities.] The lender was entitled to re-

ceive the entire 10 per cent. stipulated in the note for a period of five years under a contract which was not on its face usurious."

The contract in the instant case was, under the authorities cited, usurious on its face, because appellees were authorized, under the accelerating clause, on default of the appellants, to mature the entire indebtedness, interest, etc., and it will be noted in Shropshire v. Commerce Farm Credit Company (Tex. Sup.) 39 S.W.(2d) 11, Judge Greenwood holds that the abatement of unearned interest in the second note was forbidden by the terms of the contract.

■ Appellees contend that because the $995.75 interest was paid to them by the Thorne Investment Company in the settlement by which the notes and loan were transferred to said company, it is not recoverable because not paid by appellants.

The record discloses that the appellants executed new notes and liens created by deeds of trust to the Thorne Investment Company to secure the money with which appellees were paid. In said deed of trust the Thorne Investment Company was authorized by appellants to advance any money necessary to satisfy the present owner or owners of any prior note or notes owed by appellants if such note or notes, with the liens securing the same, were transferred to the Thorne Investment Company. It is manifest that the Thorne Investment Company was acting as the agent for appellants in the payment of the $5,995.75, and that the amount thereof, in excess of the $5,000, was interest.

The judgment is reversed, and the cause remanded.