### LEACH et ux. v. RESERVE REALTY CO.
### No. 12926.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 10, 1934.

Rehearing Denied March 16, 1934.

274

Smoot & Smoot, of Wichita Falls, for appellants.

L. W. Dumas, of Fort Worth, and Mathis & Caldwell, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

William L. Leach and wife, Alma Leach, executed their two certain promissory notes, payable to the order of the Franklin Bond & Mortgage Company, together with a deed of trust of even date with the notes on lot 4, block 53–A, Highland addition to the city of Wichita Falls, Tex., to secure the same. The first of said notes, in the principal sum of $3,200, was by the terms of the deed of trust made a first lien on the property, and the lien securing the other note, which was for interest only, was made subordinate to that note.

The first note was duly transferred and assigned to the Reserve Realty Company, who is still the owner and holder thereof. Default having been made in the payment of that note, the property described in the deed of trust was sold by a substitute trustee, appointed under the provisions of the instrument, at public auction, to L. W. Dumas, who thereafter deeded the property to the Reserve Realty Company.

The Reserve Realty Company instituted this suit against William L. Leach and Alma Leach in the usual form of trespass to try title to recover the property purchased at the trustee's sale. The defendants filed an answer to that suit, which consisted of a general demurrer and a plea of not guilty. Thereafter plaintiff filed an amended petition with two counts: First, a suit in trespass to try title in the usual form; the second, which was a plea in the alternative, consisted of an action to recover of the defendants for the debt evidenced by the first lien note mentioned above and for foreclosure of the mortgage lien given to secure the same.

To that pleading the defendants filed an amended answer, embodying a general demurrer to the plaintiff's petition and a plea of not guilty. And in the second count in the answer the defendants filed a cross-action in which it was alleged that the property in controversy belonged to the separate estate of the defendant Mrs. Alma Leach, and attacking the conveyance made to the plaintiff by the trustee named in the deed of trust, on the ground that the sale under the deed of trust was void because it was not made at the time and place specified in the notice therein required. And it was further alleged that the contract sued on was usurious and that the payments already made upon the note should be applied as credits upon the principal of the debt.

The jury found that the substitute trustee did not, prior to the sale, post notices thereof at the courthouse door of Wichita county, and did not sell the property at the courthouse door of Wichita county as required by the deed of trust. Upon that verdict the trial court denied plaintiff a recovery of title under the first count in the petition; but awarded plaintiff a recovery against defendants on the second count in plaintiff's petition for the sum of $3,672.76 on the note sued on with a foreclosure of the lien evidenced by the deed of trust. Plaintiff has not complained of the decree denying him recovery of title on the first count in its petition. But defendants have appealed from

the judgment against them for the debt and foreclosure of lien.

■■ The court did not err in overruling the defendants' motion to require plaintiff to elect on which count in the petition it would go to trial, since the second count was expressly made in the alternative, and since it was permissible for the petition to embody inconsistent pleadings. Harris v. Warlick (Tex. Civ. App.) 42 S. W. 356, and decisions there cited; rule 4, Harris Rules for the Government of District and County Courts (2d Ed.) p. 139.

■ The argument made here that plaintiff was estopped to sue for debt and foreclosure by reason of its election to claim title under the sale of the property by the substitute trustee cannot be given effect in any event, since there was no such plea urged in the trial court. 15 Tex. Jur. 833, and authorities there cited.

The first note described in the deed of trust reads:

"Note No. 1.

"P. ex. 13 Sixty Three (63) Month Loan
"CB Monthly Payments (all notes) for each $1,000 of Loan
"$11.30      Each month for 63 months.
"First Lien Note
"Secured by First Deed of Trust
"Loan No. WI–33   Original Principal (notes 1 & 2) $3,200.00
"Louisville, Kentucky, January 1, 1929.

"On the first day of February, 1929, and on the first day of each and every month thereafter, we and each of us promise to pay to the order of the Franklin Bond & Mortgage Company of Louisville, Kentucky, Sixteen & No/100 Dollars ($16.00) each month for twentyfour (24) months in succession after date of this note and Thirty-Six & 16/100 Dollars ($36.16) each month for Thirty Nine (39) months in further succession, and Two Thousand Three Hundred Thirty Nine & 33/100 Dollars ($2,339.33) on the first day of the Sixty Third (63) month from the date of this note, in Gold Coin of the United States of the present value, weight and fineness, value received, negotiable and payable at the principal office of the Franklin Title and Trust Company at Louisville, Kentucky, or at Fort Worth, Tarrant County, Texas, at the option of the owner, or holder of this note.

"This note is secured by First Deed of Trust, of the same Loan Number as this Note, on real estate, located and known as Lot No. 4, block No. 53–A, Highland Addition to the City of Wichita Falls, Wichita County, Texas, to which Deed of Trust reference is hereby made, and we and each of us hereby agree to pay all expenses incurred, including attorneys' fees of 10% of the amount of principal and interest hereof, if placed in the hands of an attorney or attorneys for collection, or if collected through probate, bankruptcy or other judicial proceedings.

"It is expressly agreed and understood that all the Notes herein referred to are all secured by the same First Deed of Trust and that the monthly payments called for by each and every such Note are to be credited as paid in accordance with the terms of each and every note, respectively, but it is expressly provided that upon default in the punctual payment of any of the payments due on any one, or more, of the Notes secured by the said First Deed of Trust, or upon default in the payment of any of the taxes, insurance premiums, or in any of the payments, terms, agreements, conditions, covenants, provisions, stipulations, or anything else called for, or provided for, in said Deed of Trust, or in any of said Notes, then there shall be due on this loan not only the principal as therein set out but also said principal shall bear interest at the rate of 10% per annum from date until paid, such total amount of principal and interest being subject, however, to credit, or credits, if any, for all payments made thereon as of the dates they, or any of them, were actually made at the place, or places, same were due in accordance with the terms of said Notes, respectively, and if any such default of any kind shall exist for as much as 20 days at any time (whether prior default, or defaults, shall have occurred, or not), then the entire said principal and said interest thus due, shall be immediately overdue and payable, and the loan shall be in default, at the option of the owner, or holder, of this Note, or of any of the owners, or holders, of any of the Notes secured by said Deed of Trust, and all such sums so due shall be due and payable on the First Lien Note, except that if there shall be a Coupon Interest Note secured by said First Deed of Trust, then, and in any such event, the amounts called for in said Coupon Interest Note shall be due on said last named Note, but, subject however, to the Priority of the said amounts due on said First Lien Note, but it is expressly provided that the monthly payments unpaid but accrued on said Coupon Interest Note, if any, up to the time of payment shall be subtracted from the total amounts due to determine the amount for which there shall be a Lien to secure said First Lien Note, the amount so subtracted being secured by a Lien under the terms of said Coupon Interest Note.

"In the event of any of the defaults referred to herein all of the monthly payments set out in the said Coupon Interest Note, which remain unpaid, shall become immediately due and payable, and said total amount shall immediately bear Interest at the rate of 10% per annum from time of first default until paid, but the amount for which said Coupon Interest Note shall have a lien shall be as hereinbefore stated.

"The transaction giving rise to this note and the consideration thereof is a loan made to the makers of this note on First Deed of Trust for Three Thousand Two Hundred & No/100 Dollars ($3,200.00), of the same Loan Number as this Note, said Loan being evidenced also by Two notes having Priority as therein stated.

"It is understood that this note is secured by a lien, First in Priority, under said First Deed of Trust.

"Alma Leach
"William L. Leach

"207 Cumberland St.,
"Wichita Falls, Texas."

The subordinate lien note, which was for interest, bore the same date as the first note. stipulated for a monthly payment of $20.16 for 24 consecutive months, beginning one month after its date. It further recited that it was secured by the same deed of trust on the same property and contained the same stipulations for acceleration of due dates as in the first note, followed by these provisions:

"In the event of any of the defaults referred to herein all of the monthly payments set out in the said Coupon Interest Note, which remain unpaid, shall become immediately due and payable, and said total amount shall immediately bear interest at the rate of 10% per annum from time of first default until paid, but the amount for which said Coupon Interest Note shall have a lien shall be as hereinbefore stated.

"The transaction giving rise to this note and the consideration thereof is a loan made to the makers of this note on First Deed of Trust for Three Thousand and Two Hundred & No/100 Dollars ($3,200.00), of the same Loan Number as This Note, said Loan being evidenced also by Two notes having Priority as therein stated.

"It is understood that this note is secured by a First Lien, second in Priority, under the said First Deed of Trust."

■ It thus appears that, according to the stipulations in both of those notes, in the event of default in payment of the first monthly installment on the first note, the whole of the principal of that note, at the holder's option, would become due and would draw interest thereafter at the rate of 10 per cent. per annum; and also, by reason of said default, all of the 24 monthly payments stipulated in the interest note then remaining unpaid, aggregating $483.84, would likewise become immediately due and payable. The aggregate of those installments then in default, to wit, $499.84, would represent a charge, as interest, for the use of the $3,200 for a period of one month, which manifestly would be usurious interest; tested by the rule laid down in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269, opinion by Justice Greenwood of our Supreme Court. in which it was said that a stipulation even for a chance of advantage beyond the legal interest is illegal. We quote from the syllabus of Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287: "The contract, by which the holder of a series of notes or a loan might on default in payment of principal or interest declare maturity of the entire debt and recover interest in excess of that allowed by law, was usurious." See, also, Reynolds Mortgage Co. v. Thomas (Tex. Civ. App.) 61 S.W.(2d) 1011.

■ The defense of usury having been established by the terms of the two notes themselves, all payments made thereon should have been applied as credits on the principal, and therefore the judgment of the trial court must be reversed.

■ The pleadings of the defendants of amounts of payments made on the debt are uncertain and contradictory. According to allegations in their second amended answer, those payments amounted to "$1,417.41 or at about that amount"; while in their supplemental answer they alleged that those payments amounted "to a total of about $1,084.-00." And no evidence is pointed out in appellant's briefs showing the correct sums paid. It will therefore be necessary to remand this cause for the determination of the amount of payments so made, with instructions to the court to credit the same on the principal of $3,200, for which the note sued on was executed, and render judgment in favor of the plaintiff, Reserve Realty Company, for the balance, with foreclosure of the mortgage lien on the property in controversy in the usual form.

But the judgment denying plaintiff a recovery of title to the property under the first count in its petition is affirmed. Rule 62-A for Courts of Civil Appeals.