**ROARK et ux. v. DICKINSON TRUST CO. et al.**

**No. 1490.**

Court of Civil Appeals of Texas. Eastland.

Dec. 13, 1935.

Rehearing Denied Jan. 10, 1936.

Geo. Q. Youngblood, of Dallas, for plaintiffs in error.

Cecil L. Simpson and Monta R. Ferguson, both of Dallas, for defendants in error.

GRISSOM, Justice.

Plaintiffs in error instituted this suit against the defendants in error seeking an injunction against the sale of their property under deed of trust, and further sought to have certain notes and deeds of trust declared usurious, to have all payments applied on the principal debt, to quiet title, etc. The Trust Company filed a cross-action asking judgment for its debt and foreclosure of its deed of trust liens on property of plaintiffs in error. The judgment of the district court was for the Trust Company for its debt and foreclosure of the deed of trust liens, and it held the contract not usurious.

The parties present a brief agreement as the statement of facts. It shows that on January 1, 1928, the Roarks were indebted to the Trust Company in the sum of $3,500, and on said date executed four principal notes aggregating such sum, payable five years after date, with 40 coupon interest notes payable semiannually attached to the principal notes. These attached coupon interest notes provide for payment of 6 per cent. per annum interest, payable semiannually, on the amount of said four principal notes. A first deed of trust was executed to secure said principal and interest coupon notes, which, among other things, provides that *"If any of said bond or any interest coupon thereto attached,* or any tax * * * or charge * * * remains unpaid for five days after the same are due * * * then at the option of the said Dickinson Trust Company, trustee, the whole indebtedness and all sums secured by *this mortgage,* to-wit, the principal and interest then accrued on said bond * * *. shall at once become due and payable, and the moneys due on said bond * * * may be collected by a sale under this mortgage or by suit." This mortgage did not secure the second lien note. There was further provision that the principal note and coupon interest notes attached would bear interest after maturity at the rate of 10 per cent. per annum, and 10 per cent. attorney's fees in event of default, and also provision that in event of sale under said deed of trust, the Trust Company, or its agent, should receive the proceeds of sale to be applied (1) to expenses of sale; (2) to the payment to the Trust Company, or its agent making the sale, a 5 per cent. commission; (3) to the payment of said bond, together with interest thereon; (4) to the payment of taxes or other payments made by the Trust Company for the Roarks with interest; (5) to hold the remainder of the money subject to the order of grantors. The notes (or bonds) secured by the first deed of trust provide that same shall be paid "with interest * * * at the rate of (6) per cent. per

annum from date until maturity, semi-annually, which interest is evidenced by 10 coupon interest notes hereto attached, and subject to all the conditions of this bond with interest at the rate of 10 per cent. after maturity." The bonds provide for 10 per cent. attorney's fees in the event of default. They contain the further stipulation "It is expressly agreed that if default be made in the payment of *this bond or any of the coupons hereto attached* * * * the entire debt secured by said mortgage shall, at the option of the said mortgagee, immediately become due and collectible and said mortgage may be foreclosed." (Italics throughout this opinion are the court's.) The first deed of trust does not secure the payment of the second lien, or 2 per cent. interest notes, and neither it nor the principal notes make any reference to or stipulation as to the result of the failure to pay an installment of the second lien interest note but they deal exclusively with reference to default in the payment of "this bond or any of the coupons hereto attached." There is no direct reference in the first deed of trust to a second lien, and indeed a person reading the first deed of trust and first lien notes and attached coupon interest notes would not be informed that a second lien exists. (Only one second lien note of the series is specifically described in the agreed statement of facts, and it is taken as illustrative of all the series.)

The second deed of trust secures an interest note for $262.25, payable in 10 semiannual installments on the first days of September and March, extending over a period of five years. It recites that the note which it secures the payment of is given for a part of the interest on the $3,500 loan, and contains an agreement "that if the bonds secured by the said prior mortgage are paid off and discharged according to the terms thereof, and the above described note is paid off according to its face, tenor and effect, then this conveyance shall be void and the lien created shall be released' * * * but, if default should be made in the payment of the note above described, or of the bond secured by the first mortgage * * * then the whole sum of money hereby secured shall become due and payable at the election of the said Dickinson Trust Company." It provides that in the event of sale under said deed of trust that the proceeds shall be applied (1) to expenses of sale, including compensation to the Trust Company for its services; (2) "to the payment and satisfaction of said note hereby secured;" (3) to the "payment and satisfaction of the bonds secured by the above mentioned first mortgage, or any tax, insurance or other sums due under the terms of said mortgage according to the conditions thereof"; (4) the balance to the mortgagors. It also contains the following provision: "It is further agreed that the power of sale herein provided for may be exercised to satisfy any delinquent installment of the aforesaid note, subject to the balance owing thereon; and also may be exercised as many times as may be necessary to satisfy said note."

The second lien installment note contains the following provision: "If default be made in the payment of any of the payments or installments of this note, when due, as above set out, then all of the payments or installments of this note remaining unpaid at the time of such default shall, at the option of the holder hereof immediately become due and collectible." The statement of facts contains the following agreements:

"It is further agreed that the installments as set out in each of the several second lien notes equal two per cent. per annum interest on the principal debt as same accrues and falls due each six months interest paying period. The interest rate on the first mortgage bonds is six per cent. per annum, payable semi-annually as same accrues.

"It is further agreed that, if because of failure to pay any installment of the second lien note described aforesaid, the whole of said note could, at the option of the holder, be declared due, and by reason thereof and under the terms of the note itself and the deeds of trust securing same, be 'legally collectible' said total of said installments plus the six per cent. interest on the principal of the first mortgage bonds described aforesaid, would exceed ten per cent. per annum interest on the principal of the debt.

"It is further agreed that if this court finds that the contracts between the parties, as set out in the foregoing notes and deeds of trust, are usurious or tainted with usury, the case should be reversed and remanded for a new trial, with instructions to the trial court to govern itself in accordance with such findings. Otherwise, if this court finds that such

**280**

contracts are not usurious or tainted with usury, judgment of the trial court should be affirmed."

The Trust Company in its brief contends that the case is controlled by the decision in Walker et al. v. Temple Trust Co. (Tex.Civ.App.) 60 S.W.(2d) 826, Id., 124 Tex. 575, 80 S.W.(2d) 935. It argues that while conceding there is no option for prepayment of the debt contained in the present contract (as there was in the contract discussed in the Walker Case) "Yet the mortgagor might create such option by refusing to pay." We are not impressed with argument that a default which gives a mortgagee the right to foreclose before normal maturity constitutes an option to mortgagor to make payment prior to maturity of the debt and that it results in abatement of unearned interest, the collection of which is expressly provided for. There is no provision in this contract (as there was in the Walker contract) that upon payment of the debt before maturity, or upon acceleration of maturity by reason of default that the interest notes shall be proportionately reduced, or that subsequently maturing interest notes or installments thereof shall become null and void. There is no tangible provision in the contract with reference to the mortgagor's default on the payment of the note secured by the second deed of trust that shows an intention contrary to the express stipulation in the second lien note that upon default in the payment of an installment of the second lien interest note mortgagee might declare all of its installments immediately due and payable, which is the same thing as saying that in such event said entire interest note would then be due and collectible though the interest be unearned. This specific provision of the second lien note would be rendered meaningless by reading into it a wholly imaginary and unexpressed intention contrary to its plain, unambiguous provisions authorizing the collection upon the contingency stated of interest unearned and at a higher rate than is authorized by law.

There is a provision in the first deed of trust to the effect that mortgagors are to pay any taxes assessed "against the bond or debt secured hereby," but that if it be judicially determined that such taxes, together with interest paid, or to be paid, shall exceed 10 per cent., the grantors shall not pay such excess. It was held in Temple Trust Co. v. Stobaugh (Tex.Civ.App.) 59 S.W.(2d) 916, 921 (par. 20) that such clause "Obviously * * * did not purport to be in derogation of the more than 10 per cent. already carried into the face of the notes and bonds themselves; nor to be a limitation upon the accelerating maturity provisions in case of default. It does not, therefore, remove the usurious features of the contracts as written." However, a similar provision was considered on the question of intention to collect usurious interest in the case of Walker v. Temple Trust Co., supra. Such case, however, is not authority for holding that such provision alone would have the effect of striking the accelerating clause from the contract. Although it has been determined such provision can properly be considered on the question of intention and is some evidence of an intention not to collect usurious interest, and is to be so considered where the intention is not plainly expressed and ambiguity exists, yet we know of no decision that holds that it alone will overcome and nullify the express agreement of the parties plainly stated in a different portion of the contract with reference to an entirely different and independent contingency. If the intention were not plainly expressed, and the contract ambiguous, a different conclusion might result. Under the facts of the present case, we do not believe it could have the effect of counteracting and defeating the very explicit and definite provision of the interest note heretofore quoted authorizing the collection of unearned interest, and this is particularly true since the first deed of trust in which the tax provision is found refers specifically to the principal notes and interest coupons attached to them and makes no reference to the second lien notes in which the condemned acceleration clause is found. This being true, it can hardly be said that the tax provision in the first deed of trust referring to a different contingency contains stipulations that negative the express provisions of the acceleration clause of the second lien notes. Commerce Trust Co. v. Best (Tex.Com. App.) 80 S.W.(2d) 942, 944.

We are of the opinion that the legal principles involved in the case of Commerce Trust Co. v. Best, supra, and Manning v. Christian (Tex.Com.App.) 81 S.W.(2d) 54, 55, are applicable to the present case, and we are unable to discover provisions in other portions of the contract sufficient to negative the intention

plainly declared in said second lien note to collect unearned interest in event of default. In the Best Case the contract was held usurious by reason of the provision in the second deed of trust securing interest reading "But if the notes secured hereby and each of them are not paid promptly when due, or in case of breach of any of the covenants, terms or agreements in said first deed of trust, then all of said notes hereby secured shall become due and payable." The situation there on the question of whether or not the quoted provision was contradicted by other provisions which might result in the opportunity of holding the contract legal was very similar to the situation in the present case. "In the Shropshire Case [120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L.R. 1269], as in this, the principal notes gave the holder the option to collect the unpaid principal debt, and by inference earned interest. Since the acceleration clause in the principal notes does no more by its express language than to give the option to mature and collect the principal, it does not conflict with that part of the second deed of trust which gives the option to mature all of the interest notes secured by it." Commerce Trust Co. v. Best (Tex.Com.App.) 80 S.W.(2d) 942, 945. That the Best Case is applicable to the present is made more apparent when attention is directed to a provision in the first deed of trust providing that in event of sale under said instrument the proceeds are to be applied, second, to "the payment of the said notes then unpaid, including principal and such interest * * * as shall have accrued." Commerce Trust Co. v. Best (Tex.Civ.App.) 54 S.W.(2d) 1037, 1038. We think the following language of the Commission of Appeals with reference to the contract there analyzed is equally applicable to the present contract: "The principal notes contain no language either permitting or prohibiting the acceleration and collection of the notes secured by the second deed of trust upon default in the payment · of one of them, but the second deed of trust [in the present case the second lien note] deals with that subject in clear and unambiguous language. * * * We do not have in this case, as were found in Walker v. Temple Trust Co. * * * terms and provisions in the notes and deeds of trust sufficient to negative the intention disclosed by the acceleration clause in the second deed of trust [in the present case the second lien note] to collect unearned interest." 80 S.W.(2d) 942, 945.

In the case of Manning et al. v. Christian, supra, the Commission of Appeals, in an opinion by the same eminent jurist who wrote the opinion in Walker v. Temple Trust Co., supra, held the acceleration provision in the second lien interest notes, to wit, "Failure to pay this note when due or any of the notes of this series, or any installments of interest therein, or failure to pay the interest on said first lien note above described, or to perform any of the covenants or stipulations in said first mortgage, or the deed of trust securing the payment of this series of notes, shall, at the option of the holder hereof, immediately mature all of said notes and the same shall become due and payable at once, without notice" under the facts of that case made the contract usurious.

The only legally distinguishing feature discernible between the instant case and the Manning v. Christian Case, in addition to the tax clause heretofore mentioned, if there be one, is that it is here stated in the interest note (in connection with a reference to a provision supposed to be, but not found in the bonds of an option for prepayment) that it is given for a part of the interest. Since the recognized rules of construction require that all the instruments constituting one contract be read together and considered as one complete document, it seems that the particular location of a statement that a certain note is for interest should not carry considerable weight in considering the question of the intention of the parties to collect usurious interest when considered with a clearly expressed 'statement of the definite intention of the parties.

A provision similar, if not identical in legal effect, to that contained in the second lien note here involved, to wit, "In the event of any of the defaults referred to herein all of the monthly payments set out in the said Coupon Interest Note, which remain unpaid, shall become immediately due and payable, and said total amount shall immediately bear interest at the rate of 10% per annum from time of first default until paid," was condemned as providing for usurious interest in Leach v. Reserve Realty Co. (Tex.Civ.App.) 70 S.W.(2d) 273, 276.

In the case of Reynolds Mortgage Co. v. Thomas (Tex.Civ.App.) 61 S.W.(2d) 1011, 1012, Id. (Tex.Com.App.) 81 S.W. (2d) 52, the principal note provided in

event of default "the whole principal and interest then accrued shall at once become due and payable." The first deed of trust provided that upon default "said bond shall become due and payable." The second deed of trust contained a stipulation that upon, default "then the entire debt and obligation intended to be secured herein shall * * * become due and payable." The majority opinion of the Court of Civil Appeals held the contract usurious. Justice Looney, in his dissenting opinion, said: "I do not think a proper interpretation of the language of the second deed of trust will condemn the contract as usurious. It does not state that, when accelerated, the entire unpaid balance of the interest note shall become due and payable; the language is 'that the entire debt and obligation intended to be secured herein shall, at the option of the holder thereof * * * become due and payable.' To reach the conclusion arrived at by the majority, the intention to collect unlawful interest is necessarily imputed by construction." Reynolds Mortgage Co. v. Thomas (Tex.Civ. App.) 61 S.W.(2d) 1011, 1015. Judge Looney's opinion was restated by the Commission of Appeals in an opinion adopted by the Supreme Court, as follows: "Justice Looney holds in the dissenting opinion that the provision of the $3,000 note representing the debt, and stipulating for accelerated maturity of the principal note and the collection of accrued interest, *in the absence of an express agreement to the contrary,* matures all accrued interest however evidenced; that unaccrued interest is thereby abated, thus purging the contract of the taint of usury; that the language of the second deed of trust, to wit, 'that the entire debt and obligation intended to be secured herein, shall, at the option of the holder become due and payable' *should not be construed to mean that the entire unpaid balance of the interest note becomes due and payable;* and holds also that the intention to collect unlawful interest in the contract is imputed by construction only, and that such construction of the contract was neither a reasonable nor necessary one, and that the construction which should be placed on the contract is that it matures, and the intention was to mature, all interest then accrued on the second note; and that unlawful intent should not be imputed * * * and that where a contract is capable of two interpretations, one rendering it void, and the other valid, the latter should be adopted." (Italics ours.) 81 S.W.(2d) 52, 54.

The Commission of Appeals reached the same conclusion as Judge Looney; that is, that the language of the contract did not require a finding of intention to collect usurious interest. We think it a reasonable deduction from these opinions that had there been an *express agreement for the collection of all the interest note upon default* (as there was in the second lien note in the instant case), that the contract would have been held usurious.

In the case of D. H. Scott & Son v. Wallace (Tex.Civ.App.) 83 S.W.(2d) 1032, Wallace borrowed $6,200 and executed a note for that amount with interest at the rate of 6 per cent. per annum, evidenced by interest notes. The principal note provided: "The principal of this Bond from and after its maturity, and all past due interest thereon, shall bear interest at the rate of ten per centum per annum, payable annually, from due date thereof until paid." The borrower reserved the right to pay all or any part of the principal note at stated times. The note provided if "any installment of interest thereon is not paid when due, the principal of" the bond should become immediately due. This principal note or bond was secured by a first deed of trust upon land. Wallace also executed five additional interest notes, representing interest at 2 per cent. per annum upon the principal. These notes recited they were for part of interest on the principal note, each contained provision that "any payment on the original bond or principal note shall reduce this note proportionately," they each contained a stipulation that "failure to pay this note, when due, shall, at the option of the payee, mature all of said series of notes." These five notes for 2 per cent. interest on the principal were secured by second deed of trust, which recited it was subject to the first deed of trust, and that the said notes were for interest. The first deed of trust contained a provision with reference to the payment by borrower of a tax on the deed of trust or debt to the same effect as the provision in the contract here involved.

The contract in the D. H. Scott & Son v. Wallace Case is essentially the same as in the present case except that the D. H. Scott & Son v. Wallace contract authorized prepayment of the principal with

a resulting proportionate reduction of the interest. The Court of Civil Appeals held the contract was not usurious. The Supreme Court granted a writ of error upon an assignment that the court erred in so holding.

We construe the quoted provision contained in the second lien note, when considered with all other relevant portions of the contract, as a plain, unambiguous stipulation that upon acceleration of maturity, authorized by the debtor's default in the payment of an installment of an interest note, all the interest provided for in said note, despite the fact that it is not earned and results in the collection of a higher rate of interest than authorized by law, shall immediately become due and collectible. Hence, we conclude the contract is usurious. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L.R. 1269; Deming Inv. Co. v. Giddens et ux., 120 Tex. 9, 30 S.W.(2d) 287; Atwood et ux. v. Deming Inv. Co. (C.C.A.) 55 F. (2d) 180; D. H. Scott & Son v. Wallace, supra; Parks v. Lubbock, 92 Tex. 635, 51 S.W. 322, 323; Woodward v. Commerce Farm Credit Co. (Tex.Civ.App.) 41 S.W.(2d) 682; Gandy v. Cameron State Bank (Tex.Civ.App.) 2 S.W.(2d) 971; Rhoads v. Bonner (Tex.Civ.App.) 49 S.W. (2d) 502; Dallas Trust & Sav. Bank v. Brashear (Tex.Com.App.) 65 S.W.(2d) 288; Burnette v. Realty Trust Co. (Tex. Civ.App.) 74 S.W.(2d) 536.

The judgment of the district court is reversed and remanded.