### R. C. PARKS, ADMINISTRATOR, v. JOHN B. LUBBOCK ET AL.

No. 797. Decided May 22, 1899.

**1. Usury—Penalty for Failure to Pay at Maturity.**

At common law, by which interest is defined as compensation for the "use or forbearance of money," the parties to a contract for the payment of money might lawfully stipulate to pay for its detention at a rate in excess of what the law would allow as interest, upon the failure of the debtor to pay at maturity, but our statute has made a different rule. (P. 637.)

**2. Same.**

By Revised Statutes, article 3097 (defining interest as the "compensation allowed by law or fixed by the parties to a contract for the use, forbearance, or detention of money"), the charge for withholding payment by the debtor without right, which under the common law would be deemed a penalty, is made interest, and a contract fixing such charge in excess of the rate permitted by law is usurious and void as to the interest. Rev. Stats., art. 3140. (Pp. 637, 638.)

**3. Same.**

A promissory note providing for interest at 6 per cent per annum, payable semi-annually, but "to draw interest from date at the rate of 12 per cent per annum if either principal or interest remain unpaid ten days after due," is usurious. (Pp. 636-638.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Anderson County.

The suit was brought upon the note sued on by Lubbock et al. against Mary Fields, executrix of Henry Fields, and revived, on the death of defendant executrix, against Parks, administrator de bonis non. Plaintiffs had judgment which was affirmed on appeal, and the administrator procured writ of error.

*Thomas B. Greenwood & Son,* for plaintiff in error.—The court erred in rendering judgment for plaintiffs against defendant, R. C. Parks, as administrator de bonis non of the estate of Henry Fields, deceased, for

the sum of $1343, with 6 per cent per annum interest, and in adjudging that plaintiffs have a deed of trust lien upon a certain 280 acres of land for said sum, because the agreed facts herein show that the note or real estate mortgage coupon bond sued on was and is usurious, and because, according to the uncontradicted facts, plaintiffs were not entitled to judgment for any sum as interest. Gilder v. Hearne, 79 Texas, 120; Bang v. Phelps, 34 S. W. Rep., 516; Krause v. Pope, 78 Texas, 484, 485; Andrews v. Hoxie, 5 Texas, 190-193; Rev. Stats., arts. 3097, 3104; Graeme v. Adams, 14 Am. Rep., 130; Reger v. O'Neal, 10 S. E. Rep., 375; Richardson v. Brown, 9 Baxt., 242.

*A. W. Gregg* and *B. H. Gardner*, for defendants in error.—A note with interest at 6 per cent per annum, payable semi-annually on the first day of May and November, is not rendered usurious by the following clause: "This note is to draw interest from date at the rate of 12 per cent per annum if either principal or interest remain unpaid ten days after due; at the option of the legal holder after any of said interest notes remain due and unpaid ten days, the whole of the principal and interest may be declared immediately due and payable;" unless it is made to appear that the real object of the parties was to secure usurious interest. Opera House Co. v. Thurston, 45 S. W. Rep., 815; Dugan v. Lewis, 14 S. W. Rep., 1024; Crider v. Association, 35 S. W. Rep., 1047; Am. St. Rep., 192, note 46, and authorities cited; Lloyd v. Scott, 4 Pet., 225; Chaffee v. Landers, 46 Ark., 371; Parker v. Plymell, 23 Kan., 403; Parker v. Association, 46 Ga., 166; Upton v. O'Donahue, 49 N. W. Rep., 267.

GAINES, CHIEF JUSTICE.—This suit was brought to recover judgment upon a promissory note, executed by Henry Fields and Mary Fields, of which the following is a copy:

"Five years after date, for value received, we promise to pay to the order of the Jarvis-Conklin Mortgage Trust Co., at its office in Kansas City, Mo., eight hundred and twenty-five dollars lawful money of the United States, with interest thereon at the rate of six per cent per annum, payable semi-annually on the first days of May and November in each year according to the tenor and effect of the interest notes of even date herewith and hereto attached.

"This note is to draw interest from date at the rate of twelve per cent per annum if either principal or interest remain unpaid ten days after due. At the option of the legal holder after any of said interest notes remain due and unpaid ten days the whole of the principal and interest may be declared immediately due and payable. This note is given for an actual loan of the above amount and is secured by a trust deed of even date herewith, which is a first lien on the property herein described. Dated at Kansas City, Mo., November first, 1889.

"HENRY FIELDS.
"MARY FIELDS."

Attached to the note are ten interest coupons for $24.75 each. The note is indorsed on its back in blank and without date to John B. Lubbock and William B. Lubbock by the Jarvis-Conklin Mortgage Trust Co. At the time the note was made the makers executed a deed in trust upon a certain tract of land to secure its payment. The deed in trust provided that in case of suit, 10 per cent should be recoverable by the trustee for the use of the attorney. The note was indorsed by the payee to John B. Lubbock and W. B. Lubbock. They, together with S. M. Jarvis, the trustee of the deed in trust, brought suit upon the note and to enforce the lien of the mortgage. Henry Fields having died, the suit was brought against Mary Fields, his executrix. She died while the action was pending, and it was revived against R. C. Parks, as administrator de bonis non of Henry Fields' estate.

The defendant pleaded that the contract was usurious, and sought to defeat a recovery for the interest. The trial court held that there was no usury in the contract and gave judgment for the full amount claimed. The Court of Civil Appeals took the same view of the transaction and affirmed the judgment.

We incline to think that, treating the question as one to be decided by the common law, the Court of Civil Appeals, in holding that the contract was not usurious, reached a correct conclusion. Interest, as known to the common law, is defined as "a compensation usually reckoned by a percentage of the loan, use, or forbearance of the money." Abbott's Law Dict.; Am. and Eng. Enc. of Law. This does not embrace the compensation for the detention of money beyond the time at which it was agreed to be paid—that is to say, after the maturity of the debt. Therefore the parties to a contract for the payment of money might lawfully stipulate that, upon the failure of the debtor to pay at maturity, he should pay for its detention a rate in excess of what the law would allow as interest. The sum so agreed to be paid for the detention of the money is treated not as interest, but as a penalty for failing to pay at maturity. The authorities seem to be practically unanimous in upholding the legality of such a stipulation.

But we think our statute has made a different rule. It defines interest as follows: "Article 3097. 'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." According to this article, as we analyze it, the use of money referred to is that which is contracted for when a loan is made; the forbearance occurs when there is a debt due or to become due and the parties agree to extend the time for its payment; the detention of money arises in a case when a debt has become due and the debtor withholds its payment without a new contract giving him a right to do so. It follows, therefore, that what would have been deemed a penalty under the rule of the common law is made interest under our statute; and if the rate agreed upon for the detention of the money after the maturity of the debt exceed the 10 per cent per annum, the contract is usurious and is void as to interest. Rev. Stats., art. 3104.

The definition above quoted was not contained in our first statute upon the subject of interest. It first appeared in the Revised Statutes of 1879 as article 2972. It was probably borrowed from the Civil Code of California, article 1915 of which defines "interest" in precisely the same words. Article 1095 of the Revised Codes of Dakota gives the following definition of the word: "Interest is the compensation allowed for the use, or forbearance, or detention of money, or its equivalent." According to Stimson, the Civil Code of Louisiana contained the same definition (1 Stimson's Statutory Law, article 4810); but we have found it in neither of the codes of that State to which we have access. We have not found, however, any decision by the courts of either of the States mentioned in which the definition has ever been construed. Nevertheless, the conclusion is not to be resisted that there was a purpose in adding the word "detention" to the accepted definition of "interest," and that this purpose was to meet the case when the debtor should detain the money owed beyond the stipulated period of forbearance, and so to provide that a promise to pay an additional sum for such detention should be deemed interest, and not merely damages by way of a penalty to secure a prompt performance of the contract.

The attention of the Court of Civil Appeals was not called to the definition of the word "interest" as contained in our statute, and they seem to have overlooked it in deciding the case.

The other questions presented by the appeal and the application for the writ of error were, we think, correctly disposed of by the opinion of that court.

The judgment of the District Court and that of the Court of Civil Appeals are reversed and judgment is here rendered for the sum lent without interest, less the admitted credits, and for 10 per cent attorney's fees and costs of the District Court, and for the foreclosure of the mortgage. The defendants in error will pay the costs of the appeal and of the writ of error.

It is further ordered that this judgment be certified to the County Court for observance.

*Reversed and rendered.*