## BRANIFF INV. CO. et al. v. ROBERTSON.
### No. 1297.

Court of Civil Appeals of Texas. Eastland.
July 13, 1934.

Rehearing Denied Sept. 21, 1934.

Harrell & Allison, of Breckenridge, for appellants.

Davis & Davis and F. M. Robertson, all of Haskell, and E. V. Hardwick, of Stamford, for appellee.

FUNDERBURK, Justice.

This suit was brought by F. M. Robertson, a resident of Haskell county, against Braniff Investment Company and others, to cancel the interest upon a certain loan evidenced by two notes, and secured by deed of trust lien upon land situated in Haskell county, and to enjoin the threatened sale of the land under powers in said deed of trust. Two notes were involved. One was for the principal amount of $3,500, dated February 17, 1928, due and payable in 120 installments of $43.75 each, on the 15th day of each month, beginning the 15th day of March, 1928. The other was for $280.80, dated February 17, 1928, due and payable in 120 installments of $2.34 each, on the 15th day of each month beginning March 15, 1928. Both notes provided that they were

"payable to Braniff Investment Company, or bearer, at the office of Braniff Investment Company, Oklahoma City, Oklahoma (or at such place as may be designated by the holder for the time being of this note)," and that "all installments shall bear interest from maturity at the rate of 10% per annum." The $3,500 note contained provisions as follows: (a) "The payment of all said installments by the payment of each on its due date without default, and without pre-payment shall be payment in full of the principal and interest evidenced thereby." (b) "Provided further that if three installments herein provided to be paid shall become delinquent, or if the holder become entitled to foreclose the deed of trust securing this note for any reason, in either event the holder hereof shall have the option to, and may declare, the entire debt evidenced by this note immediately due and payable without notice, and may proceed to immediately collect the same, and it is agreed that by reason of said default upon the exercise of said option, the interest on said loan shall be 10 percent per annum, and the balance due of principal and interest shall be arrived at as follows: each payment therefore (theretofore?) made hereon shall be accredited as of the date it is received by the holder hereof on the sum of the then balance and accrued interest thereon."

The small note designated "Texas Subordinated Real Estate Note" recited: "This is one of two notes of even date herewith between the parties hereto secured by real estate deed of trust, and the lien of this note is junior to the lien of the other of said two notes." The deed of trust named, as grantee, G. Tom Beaver trustee, of Oklahoma City, Okl.; described briefly the two notes; obligated the grantor to pay taxes and keep the property insured; gave the trustee the option to do so and have the amount treated as expenses and costs of executing the trust. It further recited: "But in case of default or failure to make prompt payment of said indebtedness, or any part thereof, principal or interest, as the same shall become due and payable, or failure to observe and keep any of the covenants hereof by the grantor herein, then, and in that event, the said trustee is hereby authorized and empowered and it shall be his special duty, at the request of the payee or holder of any of the above described notes, to sell the above described property," etc. Then follow directions for making distribution of the proceeds of sale, among them "to the payment ratably of said notes then unpaid, principal and accrued interest (it being understood that when default shall be made

in the payment of any of said notes, or any installment of interest on said notes, or a failure to pay any State, county, or city taxes, assessed upon said property after the same by law become delinquent, all others shall become at once due and payable at the option of the holder or holders thereof)." Robertson, the maker of the notes, paid $1,929.69 thereon. Braniff Investment Company paid $190.08 taxes on the land.

The plaintiff, as the basis for cancellation of all the interest on the $3,500 loan, contended that the contract provided for usurious interest. The defendants contended that the contract was not usurious, and in the alternative, that if it was usurious under the laws of Texas, it was not so under the laws of Oklahoma, and that the latter controlled since the contract was to be performed in that state.

Upon a nonjury trial, judgment was for the plaintiff. The trial judge found that the contract was usurious, and that the laws of Texas applied although he found that the contract would not be usurious under the laws of Oklahoma. The defendants have appealed.

■■■ We consider first the question of whether under the laws of this state the notes purported to obligate the appellee to pay usurious interest. This calls for an examination of the provisions of the contract. The two notes and the deed of trust connected and executed simultaneously, each form a part of the contract. The amount loaned was $3,500. The repayment of the entire amount of the loan was therefore provided for in the principal of the $3,500 note alone. The $280.80 note was for interest only. The interest provided for in both notes was calculated upon the basis of a term of ten years' duration. Had the contract contained no provision for shortening the term, it may be conceded, at least for the purposes of the present discussion, that it would have been free from the taint of usury. But the contract provides for the possible shortening of the term of the loan. The first installment of the $3,500 note was due on the 15th day of March, 1928. Two other like installments were due respectively on April 15, 1928, and May 15, 1928. If none of said first three installments was paid at maturity, then according to the contract the owner or holder of the note had the right and option to declare the entire note due. That is to say, he had the right, in effect, to make the term of the loan three months instead of ten years. The maximum legal rate of interest upon the $3,500 loan for a term of three months would be $87.48. The continuing obligation to pay the $280.80 note (and that re-

gardless of whether payment of its installments was accelerated or not) was an obligation imposed upon appellee by the terms of the contract to pay that amount of interest upon a $3,500 loan for a term of three months. The $280.80 note cannot be treated as a penalty, and therefore as being something different from interest, since, if in a strict sense it does not represent compensation to the lender for the use of the $3,500 for three months, it does represent compensation for such use and the detention of the part of the money agreed to be repaid within said time. Whether compensation for use, or detention, it is all the same under the statutory definition of interest. R. S. 1925, art. 5069; Parks v. Lubbock, 92 Tex. 635, 51 S. W. 322. A contract which purports to obligate the maker of notes to pay more than $280.80 for the use of $3,500 for only three months, or for such use and the detention of any part thereof for any such time as together with the time of use would be less than one year, is certainly under our decisions usurious. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269; Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287; Parks v. Lubbock, supra; Shear Co. v. Hall (Tex. Com. App.) 235 S. W. 195; Bothwell v. Farmers' & M. State Bank, 120 Tex. 1, 30 S.W.(2d) 289, 76 A. L. R. 1480; Alston v. Greene (Tex. Civ. App.) 43 S. W.(2d) 478; Rhoads v. Bonner (Tex. Civ. App.) 49 S.W.(2d) 502; Atwood v. Deming Inv. Co. (C. C. A.) 55 F.(2d) 180.

■ The provision of the contract relied upon by appellants to show that it was not usurious was contained in the $3,500 note and reads as follows: " * * * it is agreed that by reason of said default upon the exercise of said option, the interest on said loan shall be 10% per annum and the balance due of principal and interest shall be arrived at as follows: each payment therefore (theretofore) made hereon shall be accredited as of the date it is received *by the holder hereof* on the sum of the then balance and accrued interest thereon." (Italics ours.) Can this be construed to provide for a contingency upon which the $280.80 note would be canceled? No such construction, we think, can be given it without doing violence to the language used. If nothing had been paid, there would be nothing to be credited upon principal or interest. In such case, at least the principal of the two notes would be due—the $3,500 note at once, and the $280.80 note either at once under the acceleration provision in the deed of trust, or, at any rate, when and according to the stipulations in the note. The only credits provided for are such as may be made to the holder of the $3,500 note. Such holder would have no right to allow credits upon the $280.80 note which may be owned by some other party. The provision is not susceptible of the construction that it provides for the abatement of any part of the principal of either note. Without such abatement of practically all of the principal of the $280.80 note, then the shortening of the term of the loan provided for in the note renders the contract usurious. We think the trial court did not err in so concluding. In this view we are not in accord with the conclusions reached by the Amarillo Court of Civil Appeals in Shive v. Braniff Inv. Co., 68 S.W.(2d) 564.

■■ We next come to consider whether the question of usury is to be determined according to the laws of Texas, or the laws of Oklahoma. It may be conceded for the purposes of this opinion that if the notes were made payable in Oklahoma absolutely it would be presumed in the absence of evidence of a contrary intention, or evidence that the provision was a device for the purpose of avoiding the effect of the laws of Texas relating to usury, that the parties intended that the laws of Oklahoma should control, and the result would be to render the contract free from the taint of usury. We need not decide this question. The notes in effect do not provide for payment in Oklahoma except upon the contingency as to each that the holder does not exercise his option to have same paid at some other "place as may be designated by the holder for the time being of this note." Under this provision the notes can no more be said to be payable in Oklahoma than in Pennsylvania, Oregon, or any other state. In our opinion any presumption which might otherwise obtain of an intention of the parties to be governed by the laws of Oklahoma is by this provision completely rebutted. The contract cannot be held to be usurious or not, depending alone upon what may be done under it and after its execution. The contract was usurious when made, or not at all. The contract is usurious according to the laws of Texas, and there is an entire absence of evidence of any fact sufficient to show that such laws are not controlling.

Being of the opinion that no error is shown, and that the judgment of the court below should be affirmed, it is so ordered.