Company, and the terms of the original contract between the parties are identical with those discussed and construed by this court as nonusurious in Shive et ux. v. Braniff Investment Company (Tex. Civ. App.) 68 S.W.(2d) 564. Later an opposite conclusion was reached in Braniff Investment Co. v. Robertson, 74 S.W.(2d) 425, by the Eastland Court of Civil Appeals, speaking through Judge Funderburk in construing the same contract. A writ of error was granted by the Supreme Court in this last case, and our view was sustained. See Braniff Investment Co. v. Robertson (Tex. Com. App.) 81 S.W.(2d) 45.

The question of usury is the only one presented on this appeal, and no useful purpose could be served by again discussing a question already pointedly decided against appellants.

Judgment affirmed.

## Hattie May KEGANS et al. v. W. H. NABOURS.

### No. 4347.

Court of Civil Appeals of Texas. Amarillo.

June 17, 1935.

H. H. Cooper and A. A. Lumpkin, both of Amarillo, for appellants.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellee.

MARTIN, Justice.

Appellee, under proper pleadings, obtained a judgment against appellants for his debt and foreclosure of his deed of trust lien upon certain real estate.

The defense was usury. The loan was originally made by the Braniff Investment

## Lillian R. STREET et al., Appellants, v. DALLAS JOINT STOCK LAND BANK OF DALLAS, Appellee (two cases).

### Nos. 9805, 9806.

Court of Civil Appeals of Texas. San Antonio.

July 2, 1935.

W. C. Douglas and E. S. J. Whitehead, both of San Antonio, for appellants.

Robt. B. Burgess and Renfro & McCombs, all of Dallas, for appellee.

PER CURIAM.

Affirmed. Dallas Joint Stock Land Bank of Dallas v. Street (Tex. Civ. App.) 76 S.W.(2d) 780.