George E. MEYER, d/b/a Mud Products Sales and Rental and Petro Vacuum Service, Inc., Appellant,

v.

MACK SALES, INC., Appellee.

No. 1925cv.

Court of Appeals of Texas, Corpus Christi.

Sept. 16, 1982.

Rehearing Denied In Part Sept. 16, 1982.

Second Motion for Rehearing Denied Oct. 21, 1982.

**494**

Charles L. Williams, Glusing, Sharpe, Villarreal & Williams, Kingsville, Monroe Northrop, Austin & Arnett, Houston, for appellant.

Charles Thompson, Richard Stone, Corpus Christi, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

## OPINION ON MOTION FOR REHEARING

UTTER, Justice.

The original opinion of the Court issued on May 27, 1982 is hereby withdrawn and the following opinion is substituted therefor.

This is an appeal from an order of the trial court granting appellee's motion for judgment notwithstanding the verdict. Appellant and Petro Vacuum Services, Inc. had sued appellee under the usury provisions of the Consumer Credit Code, Art. 5069–1.01 et seq. Tex.Rev.Civ.Stat.Ann. (Vernon 1971) for allegedly charging appellant usurious interest in the purchase of eight trucks. The record reflects that appellant ordered a total of eight trucks from appellee under two contracts between April 5, 1978, and May 31, 1978. The first contract provided for the sale of six vehicles for a total cash price of $246,511.39 and the second contract called for a sale of two vehicles for $89,863.64. Both contracts provided for delivery as soon as possible and neither specified the time of payment. The trucks were at the time of the execution of both contracts in appellee's inventory. Appellant ordered special rigging (extra equipment) on both of the trucks, which rigging was to be done by Frell, Inc., a subsidiary of appellee's. The cost of rigging of the trucks was not included in the purchase order sales contracts. Due to several delays in the completion of the rigging, delivery of the trucks was not completed until September 22, 1978. At that time, an itemized invoice was presented to Petro-Vacuum, Inc. d/b/a Petro-Vac, predecessor of Petro-Vacuum Service, Inc. (hereafter Petro-Vac) and the Alice National Bank for payment. Petro-Vac was a company formed by appellant, George Meyer, between May 31, 1978, and September 22, 1978, for the use of the trucks. When the bill was presented, Petro-Vac paid for the trucks with a money order drawn on Alice National Bank in Alice, Texas with appellant listed as remitter. This payment was guaranteed by appellant George Meyer. Contained in the itemized bill was a charge for $10,362.80 which was denominated as "floor plan interest". This charge was computed on a basis of 10% of the purchase price per annum pro rated from June 1, 1978, until September 18, 1978. Appellant and Petro-Vac brought suit contending that this 10% charges charge was usurious and prayed for forfeiture of the principal and interest, double the amount of interest charged as damages and attorney's fees. On trial to the jury, the jury found that the item denominated "floor plan in-

terest" was in fact interest, that it was contracted for, charged to or received from both appellant and Petro-Vac and that appellant did not agree to any modification of the purchase orders to provide for payment of "floor plan interest". Appellant and Petro-Vac moved for judgment on the verdict and appellee moved for judgment notwithstanding the verdict. The trial court found that there was no probative evidence to sustain the jury's finding on Special Issue No. One, that "floor plan interest" was "interest" and granted appellee's motion for judgment notwithstanding the verdict. From such judgment, the appellant George E. Meyer has prosecuted this appeal. Petro-Vac is not a party to this appeal.

■ The standard to be employed in reviewing the granting of a judgment notwithstanding the verdict is one of "no evidence". In order to sustain the action of the trial court, the Appellate Court must determine that there is no evidence upon which the jury could have made its findings. All evidence must be viewed in the light most favorable to the jury verdict with only the evidence and inferences supporting the jury verdict to be considered and all contrary evidence and inferences being rejected. *Dodd v. Texas Farm Products Co.*, 576 S.W.2d 812 (Tex.1979); *Williams v. Bennett*, 610 S.W.2d 144 (Tex.1980). To support the jury verdict, such evidence must amount to more than a mere scintilla of competent evidence. *Williams v. Bennett, supra.*

■ In reviewing the trial courts action under the standards set forth above, we must first determine what is interest. Art. 5069–1.01 Tex.Rev.Civ.Stat.Ann. (Vernon 1971) defines the term interest as follows:

(a) "Interest" is the compensation allowed by law for the use or forbearance or detention of money . . .

There is no contention by appellant in this case that the "use" or "detention" provisions apply. In fact, appellant's only point of error claims that the trial court erred "because there was some evidence of probative value that the charged denominated "floor plan interest" was compensa-

tion for the forbearance by appellee in collecting money and was therefore interest which was paid by appellant.

"Forbearance" has been described by the Supreme Court in *Parks v. Lubbock*, 92 Tex. 635, 51 S.W. 322 (1899) as follows:

The forbearance occurs when there is a debt due or to become due, and the parties agree to extend the time of its payment.

Then, under such authority, there are two requirements, the first being was this a debt due or to become due? Under the two contracts signed by appellant, there was no specified time as to when the money for the purchase of the trucks was to be paid. However, both appellant and appellee testified that time of payment of the purchase price was to be at the time of delivery of the trucks. The trucks were finally delivered and paid for on September 22, 1978. Thus it is evident that there was a debt and that such debt was due or to become due at the time of delivery of the trucks.

The second requirement of forbearance is; "and the parties agree to extend the time of its payment". *Parks v. Lubbock, supra.* Nowhere in the record is there any evidence whatsoever that appellant or appellee agreed to extend the time of payment. In fact the opposite is true. Both parties testified that they understood that payment was to be made upon delivery and that is what occurred. Thus under the record in this case, there is no evidence of any forbearance as required by *Parks v. Lubbock, supra.*

■ It has repeatedly been held that the usury statutes are penal in nature and are to be strictly construed. *Houston Sash and Door, Inc. v. Heaner*, 577 S.W.2d 217 (Tex. 1979); *Pinemont Bank v. DuCroz*, 528 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

If the payments in question do not fall within any of the statutory definitions of interest, they are not interest as a matter of law. *Delta Enterprises v. Gage*, 555 S.W.2d 555 (Tex.Civ.App.—Ft. Worth 1977, writ ref'd n.r.e.). The fact the charge was de-

nominated "floor plan interest" is of no import since the use of the term "interest" does not effect what the charge actually is. *Delta Enterprises v. Gage, supra.* If there was no interest then it follows there can be no usury.

The Motion for Rehearing is granted as to Section A and D of Assignment of Error Number IV. The balance of the Motion for Rehearing is overruled. The judgment of the trial court is AFFIRMED.