**Lucy SOLOMON, Appellant,**

v.

**Jesus Enrique BRIONES, Appellee.**

**No. 04-90-00381-CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1991.

Rehearing Denied April 8, 1991.

Bill Blackburn, Law Office of Bill Blackburn, Corpus Christi, for appellant.

Teresa A. Hunter, Laredo, for appellee.

Before CHAPA, PEEPLES and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant, Lucy Solomon, appeals a declaratory judgment and an injunction granted by the County Court at Law of Webb County, as well as damages rendered against appellant and in favor of the appellee, Jesus Enrique Briones. Appellant obtained a final judgment against appellee in Cause No. 33,324 from the 111th District Court of Webb County. Letters written by appellant's counsel in order to collect this final district Court judgment resulted in appellee filing this action in the County Court for usury. It is this judgment, rendered by the County Court in favor of the appellee and based entirely upon usury, that is the subject of this appeal. We reverse the trial court, set aside the judgment, and render that appellee take nothing.

The dispositive issue is whether the evidence sustains a finding of usury under the attending circumstances. TEX.R.APP.P. 90.

Appellee concedes, and it is undisputed by the record, that the cause of action filed by appellee in the court below sought "a declaratory judgment and injunction regarding the enforcement and collection of usurious post-judgment interest by the Appellant on a final judgment previously entered by the 111th District Court of Webb County in Cause No. 33324." Therefore, the central issue is whether these alleged and proved facts justify a finding of usury. We hold that they do not.

Usury is "... interest in excess of the amount allowed by law," and interest is "... the compensation allowed by law for the *use* or *forbearance* or *detention of money*." TEX.REV.CIV.STAT. ANN. art. 5069–1.01(a), (d) (Vernon 1987) (emphasis added). In order for the usury laws to apply, there must be an overcharge by a lender for the use, forbearance, or detention of the lender's money. *Stedman v. Georgetown Sav. and Loan Ass'n*, 595 S.W.2d 486, 489 (Tex.1979). The "use" provision in the statute is that which is contracted for when a loan is made. *Parks v. Lubbock*, 92 Tex. 635, 51 S.W. 322, 323 (1899); *Tygrett v. Univ. Gardens Home Owners' Ass'n*, 687 S.W.2d 481, 483 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). "The forbearance occurs when there is a debt due or to become due, and the parties agree to extend the time of its payment." *Parks*, 51 S.W. at 323; *Tygrett*, 687 S.W.2d at 483; *Meyer v. Mack Sales, Inc.*, 645 S.W.2d 493, 495 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). The Texas Supreme Court held that the legislature had a purpose "... in adding the word 'detention' to the accepted definition of 'interest', and

that this purpose was to meet the case when the debtor should detain the money owed beyond the stipulated period of forbearance, and so to provide that a promise to pay an additional sum for such detention should be deemed interest, and not merely damages by way of a penalty to secure a prompt performance of the contract." *Parks*, 51 S.W. at 323; *Tygrett*, 687 S.W.2d at 483. Usury statutes are penal in nature and should be strictly construed and if the payments in question do not fall within any of the statutory definitions of interest, they are not interest as a matter of law. *Houston Sash and Door, Co., Inc. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979); *Delta Enter. v. Gage*, 555 S.W.2d 555, 558–559 (Tex. App.—Fort Worth 1977, writ ref'd n.r.e.); *Meyer*, 645 S.W.2d at 495.

In *Crow v. Home Sav. Ass'n of Dallas County*, 522 S.W.2d 457, 459 (Tex.1975), the court emphasized the importance of an actual loan of money to trigger the usury laws, stating:

> A major emphasis in *Greever v. Persky*, [140 Tex. 64, 165 S.W.2d 709 (1942)], in delineating between a legal and a usurious transaction, and the validity of charges for the pledging of credit or collateral with a third party, is whether the party making such charges "himself lends to the borrower." Cf. *Stacks v. East Dallas Clinic*, 409 S.W.2d 842 (Tex. 1966), in which this Court, in rejecting a claim of usury, emphasized that the charged parties *did not lend any money to the debtor*. It is a fundamental principle governing the law of usury that it must be founded on a loan or forbearance of money; if neither of these elements exist, there can be no usury.... (Emphasis added)
>
> \* \* \* \* \* \*
>
> As before noted, for the usury laws to apply, there must be an overcharge by a lender *for the use and detention of the lender's money*. The judicial inquiry is whether or not this occurred. (Emphasis added).

*Id.* at 459–460.

■ In this case, all parties concede and the record reflects that the cause of action was based entirely on letters written to collect a judgment and did not involve a loan transaction which required the repayment of a loan of money from appellant to the appellee. *See Wiley-Reiter Corp. v. Groce*, 693 S.W.2d 701, 703 (Tex.App.— Houston [14th Dist.] 1985, no writ). Further, the appellee does not contend and the record reflects no evidence that the parties made any agreement to extend the time of any payment due for a stipulated period, or a subsequent agreement after a detention of loan money beyond the stipulated period of forbearance. Indeed, it was the actions of the appellant in trying to collect the judgment, rather than extending the time for its payment, that caused the filing of this suit. There is no evidence in this record of use, forbearance, or detention of money loaned to sustain the findings of usury. The complaint is sustained.

The trial court is reversed, the judgment set aside, and we render judgment that appellee, Jesus Enrique Briones, take nothing.