**SUNWEST BANK OF EL PASO, Successor in Interest to American Bank of Commerce, Appellant,**

**v.**

**Mauro GUTIERREZ, Appellee.**

**No. 08–91–00090–CV.**

Court of Appeals of Texas, El Paso.

Nov. 27, 1991.

Rehearing Overruled Jan. 2, 1992.

**674**

R. Wayne Pritchard, M. Kyle Lasley, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellant.

Michael C. Crowley, Edward Dunbar, Christie, Berry and Dunbar, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

FULLER, Justice.

After a bench trial, under an agreed stipulation of facts, the trial court entered judgment for the borrower finding that certain charges by the lending institution constituted usury. We reverse and render.

Appellee obtained a loan from the American Bank of Commerce for the purchase of a truck. He executed an installment note which on its face contained a fill-in-the-blank provision for property and/or liability insurance. The Bank failed to fill in any information requiring property and/or liability insurance.

On the failure of the borrower to furnish proof of insurance coverage, the Bank purchased Vendor Single Interest insurance coverage (VSI). The cost of such coverage was added on to the unpaid balance due on Appellee's note. Appellee later provided proof of coverage and, after demand was made, the Bank deleted or removed the charge for the VSI coverage. The borrower sued contending the adding of the cost of VSI coverage to his unpaid loan balance constituted an "unauthorized" charge and therefore was "interest." The trial court agreed. In fact, this contention formed the basis of the trial court's finding that Appellant charged interest in excess of that authorized by law. Tex.Rev.Civ.Stat.Ann. art. 5069–4.01, et seq. (Vernon 1987).

Point of Error No. Two asserts the trial court erred in holding that the "unauthorized or undisclosed" charge was "interest" for purposes of the applicable usury statute.

Since this case was tried on an agreed statement of facts, we are restricted on appeal to a determination of the correctness of the trial court's application of the law to the admitted facts. *Brophy v. Brophy*, 599 S.W.2d 345 (Tex.Civ.App.— Texarkana 1980, no writ); *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709 (Tex. 1945). Our duty is to independently evaluate the trial court's findings of the law. *MJR Corporation v. B & B Vending Company*, 760 S.W.2d 4 (Tex.App.—Dallas 1988, writ denied).

Texas courts have specifically and consistently held that usury statutes are penal in nature and should be strictly construed. *Texas Commerce Bank–Arlington v. Goldring*, 665 S.W.2d 103 (Tex.1984); *Houston Sash and Door Company v. Heaner*, 577 S.W.2d 217 (Tex.1979).

Does a strict construction of the usury statute support the finding of usury by the trial court in the instant case?

The law of usury is applicable in a situation where there has been an over-

charge by a lender for the use, forbearance or detention of the lender's money. *Tygrett v. University Gardens Homeowners Association,* 687 S.W.2d 481 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); Tex.Rev.Civ. Stat.Ann. art. 5069–1.01. The use of money provision referred to is that which is contracted for when the loan is made. *Parks v. Lubbock,* 92 Tex. 635, 51 S.W. 322 (1899). Forbearance, however, occurs when there is a debt due or to become due, and the parties agree to extend the time of its payment. *Meyer v. Mack Sales, Inc.,* 645 S.W.2d 493 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Finally, the detention of money arises when a debt has become due and the debtor has withheld payment without a new contract giving him the right. *Parks,* 51 S.W. at 323. Therefore, the VSI insurance charge which was applied to Gutierrez' unpaid balance can only be considered usurious if the charge fits into one of the above categories.

The very purpose of VSI insurance is to insure the collateral in the event the debtor fails to do so. If the collateral is damaged or destroyed, under the VSI coverage, the lender will be paid the insurance proceeds and the borrower's debt obligation will be adjusted accordingly. In the instant case, the Bank failed to receive proof that the collateral was insured. In order to protect its security interest in the collateral, the Bank obtained VSI coverage and added the cost of such coverage to Gutierrez' account.

In *Texas Commerce Bank–Arlington v. Goldring,* our Supreme Court reaffirmed the line of cases that have recognized that a lender imposed fee which entitles a borrower to a distinctly separate and additional consideration, apart from the lending of money, is not and cannot be the basis of usury. *Goldring,* 665 S.W.2d at 103; *Greever v. Persky,* 140 Tex. 64, 165 S.W.2d 709 (1942), citing *Nevels v. Harris,* 129 Tex. 190, 102 S.W.2d 1046 (1937).

■ We find that the Vendor's Single Interest insurance charge falls in the category of "separate and additional consideration" and was not assessed for the "use, forbearance or detention" of money. More specifically, the charge is distinct from the simple lending of money because the VSI insurance entitles Gutierrez to the separate and additional consideration of the payment of the debt obligation should the collateral ever be damaged or destroyed. We find support in such reasoning when we find that time-price differentials, commissions, commitment fees and prepayment penalties have been held to be separate and additional consideration. *Goldring,* 665 S.W.2d at 105 (Kilgarlin, J., concurring). These examples indicate that the principle of separate and additional consideration effectively allows lenders to charge borrowers for the expenses incurred in the protection of the security and collection of the loan. *Id.*

In conclusion, the mere fact that the VSI insurance was unauthorized does not, by itself, transform the premium cost into interest. The trial court erred in concluding that the charge for VSI coverage was "interest" resulting in usury.

Point of Error No. Two is sustained.

■ Based on this Court's disposition of Sunwest's second point of error, this Court does not reach the merits of Gutierrez' first cross-point pertaining to common-law usury. For different reasons, it is equally unnecessary to address the merits of Gutierrez' second cross-point concerning the trial court's enforcement of a settlement agreement. Specifically, the second cross-point is not properly before this Court because Gutierrez failed to raise the complaint below which would have afforded the trial court an opportunity to correct any errors. *Luna v. Southern Pacific Transportation Company,* 724 S.W.2d 383, 384 (Tex.1987); *Port Distributing Corp. v. Fritz Chemical Company,* 775 S.W.2d 669, 671 (Tex.App.—Dallas 1989, no writ). Tex. R.App.P. 52(a).

Gutierrez' cross-points are overruled.

We reverse and render judgment that Gutierrez take nothing against Sunwest.