**Linda S. SHOBERG, Appellant,**

v.

**Ralph A. SHOBERG, and C. Thomas Scott, as Substitute Trustee, Appellees.**

**No. B14–91–00473–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Motion for Rehearing Granted and Opinion of Feb. 27, 1992 Withdrawn.

Affirmed and Substitute Opinion Filed May 14, 1992.

John L. Russell, David J. Mullican, Jr., Houston, for appellant.

James A. Porter, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION ON REHEARING

CANNON, Justice.

This appeal arises from appellant Linda Shoberg's suit to cancel and to hold of no force or effect a 1978 promissory note and

a deed of trust that she executed in return for appellee Ralph Shoberg's conveyance of the couple's home as part of a 1978 divorce decree. Both parties moved for summary judgment. The trial court denied appellant's motion and granted judgment for appellees. Appellant raises two points of error. We affirm.

Linda and Ralph Shoberg were divorced on December 4, 1978. The divorce decree incorporated an "Agreement Incident to Divorce" providing that Ralph Shoberg would convey his interest in their residence at 31 W. Rivercrest to Linda Shoberg in consideration for the execution and delivery of a $67,000.00 promissory note and a deed of trust securing the note. Linda Shoberg subsequently executed a promissory note and deed of trust in accordance with the agreement. Ralph Shoberg executed a special warranty deed conveying the subject property and reserving a vendor's lien.

Linda Shoberg did not make any payments under the 1978 note. Rather than foreclose or risk the loss of his claim to certain payments under the statute of limitations, Ralph Shoberg proposed that the parties execute a new note. Ralph Shoberg's decision not to foreclose was based in part on the fact that their son resided at the subject residence. On September 4, 1982, Linda Shoberg executed a renewal note and a new deed of trust. A new principal of $91,566.00 was calculated by adding unpaid interest at the rate of 10% per annum to the principal of the 1978 note. Interest under the renewal note was fixed at 15% per annum compounded monthly. The renewal note and new deed of trust were attached to a document entitled "Modification of the Agreement Incident to Divorce," which was approved by the trial court on November 8, 1982.

Linda Shoberg made only four $500.00 payments under the renewal note. Again, rather than foreclose or risk the loss of his claim to certain payments under the statute of limitations, Ralph Shoberg proposed further modification of the note. On December 15, 1987, Linda Shoberg executed a modification of the renewal note with nearly identical terms. A new principal of $209,460.28 was calculated by adding unpaid interest to the principal of the renewal note as well as charges and interest on property taxes paid, and legal fees incurred, by Ralph Shoberg.

Linda Shoberg did not make any payments under the modification. On August 16, 1990, Ralph Shoberg, through his attorney, C. Thomas Scott, made a written demand for payment of all sums due under the modification. On September 6, 1990, C. Thomas Scott was appointed substitute trustee for the purpose of conducting a non-judicial foreclosure sale. On September 27, 1990, Linda Shoberg filed an original petition and application for injunctive relief to enjoin foreclosure. On that same date, she sought and obtained a temporary restraining order. On October 24, 1990, the trial court issued a temporary injunction preventing appellees from foreclosing on the property at 31 W. Rivercrest. On December 14, 1990, appellees moved for summary judgment. Linda Shoberg moved for summary judgment on January 7, 1991. On January 28, 1991, the trial court denied Linda Shoberg's motion and entered judgment in favor of appellees.

In two points of error, appellant contends the trial court erred in granting appellees' motion for summary judgment and in denying her motion for summary judgment because the lien upon which appellees' rely is unconstitutional under TEX. CONST. art. 16, § 50, and the interest charged on the note is usurious.

■ In reviewing summary judgment proof, evidence favorable to the non-movant is taken as true, with the court indulging all inferences and resolving all doubts in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–69 (Tex.1985). When both parties move for summary judgment and one motion was granted and the other denied, the appellate court should determine all questions presented to the trial court, including whether the losing party's motion should have been overruled. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). Each party must carry its burden to conclusively prove the essential elements of its cause of

action as a matter of law and neither can prevail because of the failure of the other to discharge that burden. *See Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 946 (Tex.App.—Houston [14th Dist.] 1988, no writ); *The Atrium v. Kenwin Shops of Crockett, Inc.*, 666 S.W.2d 315, 318 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Initially, we address appellees' contention that the instant suit constitutes an impermissible collateral attack on a final judgment. Because the Agreement Incident to Divorce was approved and incorporated into the divorce decree by the trial court, it constituted part of a valid and binding final judgment. *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex.1979); *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex.1979); *Chess v. Chess*, 627 S.W.2d 513, 515 (Tex. App.—Corpus Christi 1982, no writ). An agreed judgment is accorded the same degree of finality and binding force as a final judgment rendered at the conclusion of an adversary proceeding. *Ex parte Gorena*, 595 S.W.2d at 844; *McCray*, 584 S.W.2d at 281; *Chess*, 627 S.W.2d at 515. Parties to an agreed judgment are prohibited from raising contractual defenses in an action to enforce the agreement when those defenses attack the validity of the agreement at its inception, execution, or at the time it is approved by the court in the divorce decree. *Spradley v. Hutchison*, 787 S.W.2d 214, 219–20 (Tex.App.—Fort Worth 1990, writ denied); *Giddings v. Giddings*, 701 S.W.2d 284, 289 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

■ As with other final, unappealed judgments which are regular upon their face, divorce judgments are not vulnerable to collateral attack. *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex.1990). Only a void judgment is subject to collateral attack. *Heard v. State*, 146 Tex. 139, 204 S.W.2d 344, 346 (1947). A judgment is void only when the court rendering judgment "had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (quoting *Browning v.*

*Placke*, 698 S.W.2d 362, 363 (Tex.1985)). A judgment based upon erroneous holdings as to substantive law is not void. *Williams v. Williams*, 620 S.W.2d 748, 749 (Tex.App.—Dallas 1981, writ ref'd n.r.e.).

■ The trial court not only had jurisdiction of the parties and the subject matter but jurisdiction to render judgment. Appellant did not appeal from the divorce judgment nor file a bill of review. Though it attacks the Agreement Incident to Divorce from the time it was approved by the court in the divorce decree, appellant's constitutional claim is not, as appellees characterize, a contractual defense to the agreement. Nor is it, as appellant contends, an attack on a void judgment. *See Mapco v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990). Rather, appellant's constitutional claim is that the trial court's judgment is voidable because it was rendered upon an erroneous interpretation of substantive law. A defense to a judgment debt on the ground that the prior judgment is erroneous is an impermissible collateral attack. *Williams*, 620 S.W.2d at 749.

Appellant argues that her constitutional claim is not a collateral attack on a final divorce judgment because "a marital property agreement incorporated into a final divorce decree is treated as a contract and its legal force and meaning are governed by the law of contracts, not by the law of judgments." *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex.1986); *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex.1984). The propositions cited in *Allen* and *McGoodwin* that agreed judgments are governed by the rules of contract law goes primarily to interpreting the *meaning and effect* of the agreement, not to situations where contractual defenses are asserted to abrogate the terms of a prior final judgment. *Spradley*, 787 S.W.2d at 218 (emphasis in original). Because we find that appellant's constitutional claim is an impermissible collateral attack on the final divorce judgment, we need not address that claim.

■ Appellant also claims that the interest charged in the 1982 renewal note and the 1987 modification was usurious. Usury is a contractual defense. *See* Tex.R.Civ.P.

93(11). As previously stated, contractual defenses that attack the validity of an agreement at its inception, execution, or approval by the court in the divorce judgment are barred as impermissible collateral attacks on the divorce judgment. *Spradley*, 787 S.W.2d at 219–20; *Giddings*, 701 S.W.2d at 289. However, contractual defenses that are based on events that occur subsequent to the execution and approval of the agreement in the divorce judgment may properly be raised to determine the measure of damages in a suit to enforce the agreement. *Id.*

Appellant contends that interest compounded monthly is usurious. This contention is without merit. Interest on past due interest is not usurious. *Bothwell v. Farmers' & Merchants' State Bank & T. Co.*, 120 Tex. 1, 30 S.W.2d 289, 291 (1930). Appellant also contends that she never sought additional child support because of Ralph Shoberg's threats of immediate foreclosure and that her forbearance from seeking additional child support as a result of those threats constitutes usurious interest. The usury statutes are penal in nature and are to be strictly construed. *Houston Sash and Door, Inc. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979); *Meyer v. Mack Sales, Inc.*, 645 S.W.2d 493, 495 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.). For usury to apply, there must be an overcharge for the use, forbearance, or detention of money. *Stedman v. Georgetown Sav. and Loan Ass'n*, 595 S.W.2d 486, 489 (Tex.1979); Tex.Rev.Civ.Stat.Ann. art. 5069–1.01(a), (d). A charge can be the debiting of an amount due or by an act constituting a demand for payment. *See Duke v. Power Electric and Hardware Co.*, 674 S.W.2d 400, 403 (Tex.App.—Corpus Christi 1984, no writ). Forbearance occurs when there is a debt due or to become due, and the parties agree to extend the time of its payment. *Meyer*, 645 S.W.2d at 495.

We fail to see how appellant's forbearance from seeking child support constitutes a "charge" within the meaning of the usury statutes. Assuming that Ralph Shoberg's alleged threats and appellant's resulting forbearance constitutes a "charge for the forbearance of money," the amount of child support appellant would have received had she requested it is too speculative and uncertain to make a determination of usury. *Beavers v. Taylor*, 434 S.W.2d 230, 231 (Tex.App.—Waco 1968, writ ref'd n.r.e.); *Wagner v. Austin Sav. and Loan Ass'n*, 525 S.W.2d 724, 731 (Tex.App.—Beaumont 1975, no writ). We hold that as a matter of law, the trial court correctly granted appellees' motion for summary judgment and properly denied appellant's motion for summary judgment. We overrule appellant's points of error and affirm the judgment of the trial court.